**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

KRASIMIR DACHEV, an individual,     )
PEACE FOR YOU PEACE FOR ME, a     )
non-profit foundation organized under     )
the laws of Bulgaria, and SVILOSA AD,     )
a Joint Stock Company organized under     )
the law of Bulgaria,     )     Case No. 17 CV 5729
     )     Hon. Robert M. Dow, Jr.
     Plaintiffs,     )     *Judge Presiding*
     )
     v.     )     **Jury Trial Demanded**
     )
RICH AMERICA, INC., a corporation     )
organized under the laws of Illinois,     )
BRANDON ALLEN, an individual,     )
LEONARD GOODRUM, an individual,     )
and DOES 1-25,     )
     )
     Defendants.     )

**DEFENDANTS RICH AMERICA INC., AND
LEONARD GOODRUM'S ANSWER TO THE AMENDED COMPLAINT**

Defendants, RICH AMERICA, INC. and LEONARD GOODRUM, by and through their

attorneys, TELLY STEFANEAS and BREEN & PUGH, pursuant to Federal Rules of Civil 8(b),

answer the Amended Complaint of Plaintiffs KRASIMIR DACHEV, PEACE FOR YOU

PEACE FOR ME, and SVILOSA AD, as follows. Defendants answer only factual allegations

contained in the Amended Complaint. To the extent that any portion of the Amended Complaint

asserts conclusions of law, no responsive pleading is required.

**NATURE OF THE ACTION**

1.    This action involves purported concert organizers who defrauded international

investors of over $350,000 by falsely claiming they could and would use that money to secure

celebrity musicians for high-profile concerts in Bulgaria. As it turned out, the concert organizers

lied about who they were and what they did, failed to secure the celebrities as they promised, and

1

pocketed the investors' money, causing the collapse of the concerts. Defendants' acts and omissions as alleged herein give rise to the tort, contract and statutory claims pleaded below, provide grounds for injunctive relief and punitive damages, and have proximately caused compensatory damages to Plaintiffs in a precise amount to be determined at trial but in no event less than $3.8 million.

**Answer: Defendants deny the factual allegations of Paragraph 1.**

## THE PARTIES

2.     The Foundation is a private non-profit foundation registered under Bulgarian law, with its principal place of business is Sofia, Bulgaria. The Foundation was formed to organize and hold a charity concert undertaken by the non-profit Foundation to help homeless and displaced children in world conflict zones ("Charity Event"). The Charity Event was to take the form of an all-day charity concert, patterned after 1985's Live Aid or 2010's Hope for Haiti Now, that would be organized and internationally televised on October 1, 2016.

**Answer: Defendants admit that Peace For You Peace For Me claimed to be a private non-profit foundation registered under Bulgarian law and was purportedly formed to organize and hold the charity event. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.**

3.     Dachev is a resident of Sofia, Bulgaria and was a sponsor of the Foundation.

**Answer: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.**

4.     Svilosa is a publicly-traded Joint Stock Company organized under the laws of Bulgaria and listed on the Bulgarian Stock Exchange. Svilosa was the primary investor in the Foundation and the Charity Event. Svilosa's principal place of business is Sofia, Bulgaria.

**Answer: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.**

5.     RA is a corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois.

**Answer: Defendants admit the factual allegations of Paragraph 5.**

6.     Allen is a resident of Du Page County, Illinois and an officer and/or representative of RA.  On information and belief, Allen exercised dominion and control over RA which resulted in the injuries alleged herein, with such a unity of interest and control between Allen and RA that they cannot be construed as separate entities or parties under the law.

**Answer: Defendants respond that Paragraph 6 is a statement of Plaintiffs' legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Defendant Allen was at some point in time an Officer of Rich America.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding Defendant Allen's residency.  Defendants deny the balance of the factual allegations of Paragraph 6.**

7.     Goodrum is a resident of Du Page County, Illinois and an officer and/or representative of RA.  On information and belief, Goodrum exercised dominion and control over RA which resulted in the injuries alleged herein, with such a unity of interest and control between Goodrum and RA that they cannot be construed as separate entities or parties under the law.

**Answer: Defendants respond that Paragraph 7 is a statement of Plaintiffs' legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Defendant Goodrum was the President of Rich America. Defendants admit that Goodrum is a resident of DuPage County, Illinois.  Defendants deny the balance of the factual**

allegations of Paragraph 7.

8. Plaintiffs are ignorant of the true names and capacities of defendants Does 1 through 25 and, therefore, sue Does 1 through 25 by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 25, and each of them, upon discovering that information, and are informed and believe that Does 1 through 25, and each of them, are responsible for and proximately caused the occurrences and damages alleged herein.

**Answer: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.**

9. Plaintiffs are informed and believe that each of the Defendants is the agent, joint venturer and/or employee of each of the other Defendants, and in doing the things herein alleged was acting within the course and scope of said agency, employment and/or joint venture with the advance knowledge, acquiescence or subsequent ratification of each and every other Defendant.

**Answer: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 because Defendants are unaware of identity of the Does named in Plaintiffs' Amended Complaint.**

10. Plaintiffs are informed and believe and thereon allege that each of the Defendants knowingly and willingly conspired and agreed among themselves to undertake the unlawful actions and omissions alleged herein in furtherance of the common design alleged below.

**Answer: Defendants deny the factual allegations of Paragraph 10.**

## JURISDICTION AND VENUE

11. The amount in controversy in this action exceeds $75,000.00, exclusive of attorneys' fees, interest and costs.

**Answer: Defendants deny the factual allegations of Paragraph 11.**

12. This Court has subject matter jurisdiction over this action by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

**Answer: Paragraph 12 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants acknowledge that Plaintiffs attempt to invoke the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1331(a)(2), but deny that any claim is properly asserted, or that Plaintiffs have suffered any injury, or have standing to assert any claim. Defendants deny the balance of the allegations of Paragraph 12.**

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because RA is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois and Allen and Goodrum are residents of Du Page County, Illinois.

**Answer: Defendants admit that Rich America is a corporation organized under the laws of the State of Illinois, whose principal place of business was Chicago, Illinois. Defendants admit that Defendant Goodrum is a resident of DuPage County, Illinois. Defendants lack knowledge or information sufficient to form a belief as to the residency of Defendant Allen.**

## GENERAL ALLEGATIONS

14. Around early 2016, Dachev and Svilosa decided to help organize and invest in a Charity Event undertaken by the non-profit Foundation to help homeless and displaced children in world conflict zones; the Event was to take the form of an all-day charity concert, patterned after 1985's Live Aid or 2010's Hope for Haiti Now, that would be organized and internationally televised on October 1, 2016.

**Answer: Defendants lack knowledge or information sufficient to form a belief as to**

the truth of the allegations in Paragraph 14.

15.     Around late May 2016, Plaintiffs retained Robin DiMaggio, an alleged music promoter, to procure commitments from celebrity musicians for the Charity Event. By July 2016, however, DiMaggio failed to secure any celebrities for the event, which caused Plaintiffs concern about his ability to secure renowned celebrities in time for the event. Accordingly, Plaintiffs began to explore back-up options and were introduced to Defendants.

**Answer: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.**

16.     Krassimire Kourtev ("Kourtev") served as an agent and representative of the Foundation in discussions with Defendants regarding Defendants' role in promoting and securing artists to perform at the Charity Event. Through Kourtev's communications, the Foundation agreed to provide Defendants with money to secure the performances of various preferred artists for the Charity Event. Dachev and Svilosa agreed to provide most, if not all, of the money to secure the artists as a loan to the Foundation, with the understanding that their loans would be paid back with the proceeds generated by the ticket sales for admission to the charity concert. Defendants agreed to act as Plaintiffs' agent and use the money provided by Plaintiffs to secure Plaintiffs' preferred artists. The parties understood and agreed that any money sent to Defendants to secure an artist who declined the offer, or who otherwise could not be secured to perform, would be returned to Plaintiffs.

**Answer: Defendants admit that Krassimire Kourtev held himself out to be an agent of Peace For You Peace For Me. Defendants admit that Peace For You Peace For Me agreed to provide Rich America with money to secure artists to perform at the concert once Defendants negotiated the initial terms of the artist performance agreements. Defendants**

**lack knowledge or information sufficient to form a belief as to any agreements between Peace For You Peace For Me and Dachev and Svilosa. Defendants deny that they agreed to return any money sent to secure an artist if the artist declined an offer or otherwise could not be secured to perform at the concert. Defendants deny the balance of the allegations of Paragraph 16.**

17. As a result of these discussions, around August 2016, Allen wrote to Kourtev representing that RA, "in coordination with RCA Records ("RCA") & Sony Music Group ("Sony")," would contact various music celebrities to "secure performance contracts" for the Charity Event, then less than two months away. A true and correct copy of this letter is attached hereto as Exhibit A and incorporated herein.

**Answer: Defendants admit that Defendant Allen sent Krassimire Kourtev, as a representative of Peace For You Peace For Me, a letter indicating Rich America would contact recording artists on behalf of Peace For You Peace For Me, and negotiate the terms of performance agreements on behalf of Peace For You Peace For Me. Defendants admit Exhibit A is a true and accurate copy of the letter Defendant Allen sent to Krassimire Kourtev.**

18. In reliance on Defendants' representations, the Foundation, Dachev and Svilosa entered into a loan agreement, whereby Dachev and Svilosa agreed to loan the Foundation monies to be provided to RA for the purpose of securing artists to perform at the Charity Event. The Foundation agreed to repay these loans. Dachev and Svilosa did loan the Foundation said monies, which were provided directly to RA.

**Answer: Defendants lack knowledge or information sufficient to form a belief as to the existence or nature of any loan or agreement between Peace For You Peace For Me and**

**Dachev and Svilosa. Defendants admit that Peace For You Peace For Me caused monies to be wired to Rich America to be used to secure artists for the concert. Defendants deny the balance of the allegations of Paragraph 18.**

19.     In addition, as a result of Defendants' representations, and in particular their claim that they were acting in "coordination" with Sony and RCA, in August 2016, Defendants sent various Artist Engagement Agreements ("Artist Agreements") to Plaintiffs purporting to book various celebrities, including, but not limited to, Britney Spears and Snoop Dogg; in these Artist Agreements, Allen represented that he was the "agent" of the artist subject to the agreement. Although the Artist Agreements required that large advance fees be paid to Defendants immediately to "secure the date" ($142,800 for Britney Spears and $150,000 for Snoop Dogg), they also expressly stated that their terms were not binding on the artist until a "long-form" agreement was later "negotiated." Attached hereto as Exhibits B and C and incorporated herein are true and correct copies of these Artist Agreements for Britney Spears and Snoop Dogg, respectively.

**Answer: Defendants admit that various artist engagement agreements were sent to Peace For You Peace For Me, including, but not limited to, agreements for Britney Spears and Snoop Dogg. Defendants admit that the artist agreements contain terms and provisions regarding their scope. Defendants admit that Exhibits B and C are true and accurate copies of the artist agreements for Britney Spears and Snoop Dogg. Defendants deny any allegation contrary to the terms of the agreements. Defendants deny that Defendant Allen represented himself as the agent of the artists subject to the agreements. Defendants deny the balance of the factual allegations of Paragraph 19.**

20.     Defendants and the Foundation are parties to the Artists Agreements. At the time

they entered into said Agreements, the parties knew that payments to the artists would be provided by Dachev and Svilosa, in the form of loans to the Foundation, and that these loans were to be paid back with the proceeds of the Charity Event at the heart of the Artist Agreements. Defendants and the Foundation intended for Dachev and Svilosa to benefit from, and be third-party beneficiaries to, the Artist Agreements.

**Answer: Defendants deny the factual allegations of Paragraph 20.**

21.     Around this time, Defendants transmitted to Plaintiffs video recordings of celebrities purporting to commit to the Charity Event. In one such video, an individual purporting to be Snoop Dogg says to "get ready" for the October 1 Foundation Charity Event in Sofia.

**Answer: Defendants admit that various promotional videos were sent to Peace For You Peace For Me. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21.**

22.     In reliance on Defendants' representations and demands, in August and September 2016, the Foundation, Dachev and Svilosa collectively sent Defendants a total of $367,800 to "secure" these celebrities for the Charity Event.

**Answer: Defendants admit that Peace For You Peace For Me caused approximately $367,800 to be wired to Defendants to be used as initial deposits for multiple artists. Defendants deny the balance of the factual allegations of Paragraph 22.**

23.     After receiving Plaintiffs' money, Defendants failed to secure any major celebrity for the Charity Event, claiming, among other things, that Snoop Dogg somehow "backed out" of the Charity Event and that the deposit money Plaintiffs paid to "secure" Britney Spears had instead been paid to "Natalie LaRose," an artist who Plaintiffs did not authorize (or want). Due to Defendants' failure to secure the promised celebrities, Plaintiffs had no choice but to cancel the

Charity Event.

**Answer: Defendants admit they were informed Snoop Dogg backed out of the concert because of bad press. Defendants admit they were informed that Britney Spears cancelled her agreement after a delay between the signing of her artist agreement and the deposit being paid. Defendants admit that they secured Natalie LaRose to perform at the concert. Defendants deny the balance of the factual allegations of Paragraph 23.**

24.     Still believing Defendants were a legitimate business somehow affiliated with Sony and RCA, Plaintiffs asked that Defendants apply the money that they thought had been given to artists in another Sofia concert that would be held around June 2017 ("2017 Concert"). Defendants claimed they could and would do this, and from late September 2016 through around April 2017 represented that they were negotiating with celebrities for their participation in the 2017 Concert. During that time, in response to Plaintiffs' requests for information, Defendants sent emails that included the following misrepresentations:

a.     "We are happy to announce verbal confirmations from JLo, Jessica Simpson, Rihanna, Beyoncé, Diana Ross, Ludacris, Smiley, Mohombi, Iggy Azalea and David Guetta."

b.     "The contract [with Natalie LaRose] is signed and cannot be canceled" [at no time did Plaintiffs sign any agreement relating to LaRose].

c.     "We are still in the process of retrieving the Snoop Dogg deposit which will take some time but we are still debating keeping him for the show."

**Answer: Defendants admit that after Peace For You Peace For Me unilaterally cancelled the concert, and that Defendants were asked to secure artists for a future concert. Defendants further admit that quoted text in subsections A, B, and C are taken from emails**

10

sent by Defendants, but deny that they are representative of the entirety and context of the emails. Defendants deny the balance of the factual allegations of Paragraph 24.

25.    From at least December 2016, Plaintiffs repeatedly asked Defendants for an accounting of the monies they received for the supposed purpose of booking celebrities.  For months, Defendants ignored these requests and refused to respond.  By February 2017, after 6 additional months of alleged booking efforts, Defendants failed to secure any major celebrity for the 2017 Concert.

**Answer: Defendants admit they received three emails inquiring as to how much money Peace For You Peace For Me sent Defendants for the October 2016 concert, how much of the money was still available, and what artist agreements could be cancelled to make more money available. Defendants deny the balance of the factual allegations of Paragraph 25.**

26.    Plaintiffs subsequently discovered that:

    a.  Defendants were not authorized to represent or act on behalf of Sony or RCA in this matter;

    b.  Defendants were not authorized to represent or act on behalf of any of the major celebrities promised by Defendants, including Britney Spears and Snoop Dogg;

    c.  The major celebrities promised by Defendants, including Britney Spears and Snoop Dogg and their representatives, had never received any deposit from Defendants, had never entered into any agreement with Defendants and had never heard of Defendants; and

    d.  The video recording sent to Plaintiffs of Snoop Dogg supposedly announcing his performance at the Charity Event was a fraudulent production featuring a

celebrity look-alike claiming to be Snoop Dogg.

**Answer: Defendants lack knowledge or information, regarding what alleged facts Plaintiffs have discovered, sufficient to form a belief as to the truth of the allegations in Paragraph 26.**

27.     In July 2017, Plaintiffs issued a letter to Defendants demanding a full return of their money.  Defendants did not respond to that demand.  As of this date, no monies have been returned.

**Answer: Defendants admit that no monies have been returned to Plaintiffs as there is no money owed to Plaintiffs. Defendants lack knowledge or information, regarding a letter issued in July 2017, sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.**

28.     Defendants (a) had no intention or ability to secure the celebrities they promised; (b) did not engage in claimed negotiations or communications with said celebrities, instead fabricating stories to make Plaintiffs think they were on the verge of securing musician celebrities; and (c) intentionally took Plaintiffs' monies knowing that they would not be used for celebrity payments but for their own personal gain and benefit.

**Answer: Defendants deny the factual allegations of Paragraph 28.**

29.     As a result of Defendants' acts and omissions as alleged herein, and in reliance on their false and deceptive representations, Plaintiffs (a) lost approximately $350,000 of payments tendered to Defendants; (b) made deposits and/or payments for artists, hosts, hotels, airfare, stage and lighting vendors and other service provider contracts for the Charity Event totaling another $2,500,000; and (c) carried another $1,000,000 of payment obligations under these contracts.  The total damages caused by Defendants exceed $3,800,000.

**Answer: Defendants deny the factual allegations of Paragraph 29.**

## COUNT I
## Fraud and Deceit
## (Against all Defendants)

30.    Plaintiffs incorporate by reference paragraphs 1-29 as though fully set forth herein.

**Answer: Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint.**

31.    The representations made by Defendants as alleged herein, including but not limited to those relating to (a) their claimed affiliation with Sony and RCA; (b) their alleged need for and use of Plaintiffs' monies for "artist deposits"; (c) their alleged negotiations with and representations concerning artist participation in the Charity Event and 2017 Concert; (d) their claimed need for significant "deposits" prior to the approval of any final contract with any artist; and (e) their alleged ability and intention to timely secure the celebrities required for the Charity Event and 2017 Concert, were knowingly false when made and intended to induce Plaintiffs to induce act thereon.

**Answer: Defendants deny the factual allegations of Paragraph 31.**

32.    Plaintiffs reasonably and justifiably relied on the misrepresentations and deceit of Defendants and had no reason to believe that Defendants were defrauding them.

**Answer: Defendants deny the factual allegations of Paragraph 32.**

33.    As a direct and proximate result of Defendants' misrepresentations and deceit, Plaintiffs have sustained damages in an amount to be determined at trial, but in excess of $3.8 million.

**Answer: Defendants deny the factual allegations of Paragraph 33.**

34.    Defendants performed these acts with fraud and actual malice, and Defendants acted willfully, or with such gross negligence as to indicate a wanton disregard of the rights of

13

others, therefore entitling Plaintiffs to punitive damages.

**Answer: Defendants deny the factual allegations of Paragraph 34.**

## COUNT II
### Breach of Written Contract
### (Against all Defendants)

35.     Plaintiffs incorporate by reference paragraphs 1-29 as though fully set forth herein.

**Answer: Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint.**

36.     The Artist Agreements, drafted by Defendants, constitute binding contracts, except as to any portions thereof deemed to be unenforceable, which contain express and implied terms.

**Answer: Defendants respond that Paragraph 36 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 36.**

37.     The implied terms in the Artist Agreements include but are not limited to Defendants' ability and promises to contact Plaintiffs' preferred artists in an effort to book them to perform at the Charity Event, to use the monies paid by Plaintiffs for the stated purposes and to return said monies if the final agreements with artists could not be reached.

**Answer: Defendants respond that Paragraph 37 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 37.**

38.     The Foundation and Defendants are parties to the Artist Agreements, and Dachev and Svilosa are third-party beneficiaries thereto.

**Answer: Defendants respond that Paragraph 38 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 38.**

39.     Plaintiffs have performed all conditions and covenants required of them under the Artist Agreements, except any which were excused by the actions of Defendants.

**Answer: Defendants deny the factual allegations of Paragraph 39.**

40.     By undertaking the acts and omissions alleged herein, including but not limited to failing to return Plaintiffs' monies and failing to secure the promised celebrity contracts, Defendants breached the provisions of the Artist Agreements.

**Answer: Defendants respond that Paragraph 40 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 40.**

41.     As a direct and proximate result of the breaches by Defendants, and each of them, Plaintiffs have been damaged in an amount to be determined at trial, but in excess of $3.8 million.

**Answer: Defendants deny the factual allegations of Paragraph 41.**

### COUNT III
### Breach of Oral Contract
### (Against all Defendants)

42.      Plaintiffs incorporate by reference paragraphs 1-29 as though fully set forth herein.

**Answer: Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint.**

43.     Plaintiffs, through their representative Kourtev, and Defendants entered into an oral agreement, pursuant to which, in exchange for payment, Defendants agreed to act as an agent of Plaintiffs and contact Plaintiffs' preferred artists in an effort to book them to perform at the Charity

Concert and 2017 Concert, to use the monies paid by Plaintiffs for the stated purposes, and to return said monies if the final agreements with artists could not be reached.

**Answer: Defendants deny the factual allegations of Paragraph 43.**

44.     Plaintiffs have performed all conditions and covenants required of them under the oral agreement, except any which were excused by the actions of Defendants.

**Answer: Defendants deny the factual allegations of Paragraph 44.**

45.     By undertaking the acts and omissions alleged herein, including but not limited to failing to return Plaintiffs' monies and failing to secure the promised celebrity contracts, Defendants breached the provisions of the oral agreement.

**Answer: Defendants respond that Paragraph 45 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 45.**

46.     As a direct and proximate result of the breaches by Defendants, and each of them, Plaintiffs have been damaged in an amount to be determined at trial, but in excess of $3.8 million.

**Answer: Defendants deny the factual allegations of Paragraph 46.**

## COUNT IV
### Breach of Implied Contract
### (Against all Defendants)

47.     Plaintiffs incorporate by reference paragraphs 1-29 as though fully set forth herein.

**Answer: Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint.**

48.     In the alternative, pursuant to Fed. R. Civ. P. 8(d)(2), Plaintiffs and Defendants entered into an implied-in-fact agreement, pursuant to which, in exchange for payment, Defendants agreed to act as an agent of Plaintiffs and contact Plaintiffs' preferred artists in an effort to book

16

them to perform at the Charity Concert and 2017 Concert, to use the monies paid by Plaintiffs for the stated purposes, and to return said monies if the final agreements with artists could not be reached.

**Answer: Defendants respond that Paragraph 48 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 48.**

49.     Plaintiffs have performed all conditions and covenants required of them under the implied-in-fact agreement, except any which were excused by the actions of Defendants.

**Answer: Defendants deny the factual allegations of Paragraph 49.**

50.     By undertaking the acts and omissions alleged herein, including but not limited to failing to return Plaintiffs' monies and failing to secure the promised celebrity contracts, Defendants breached the provisions of the implied-in-fact agreement.

**Answer: Defendants respond that Paragraph 50 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 50.**

51.     As a direct and proximate result of the breaches by Defendants, and each of them, Plaintiffs have been damaged in an amount to be determined at trial, but in excess of $3.8 million.

**Answer: Defendants deny the factual allegations of Paragraph 51.**

<u>**COUNT V**</u>
**Conversion**
**(Against all Defendants)**

52.     Plaintiffs incorporate by reference paragraphs 1-29 as though fully set forth herein.

**Answer: Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint.**

53.     Pursuant to Defendants' requests, Plaintiffs paid Defendants large advance fees to "secure the date" for Britney Spears ($142,800) and for Snoop Dogg ($150,000), among other funds paid by Plaintiffs to Defendants.

**Answer: Defendants deny the factual allegations of Paragraph 53.**

54.     When Defendants failed to secure Britney Spears and Snoop Dogg (among others) by paying the advance fees specifically provided to Defendants for the purpose of securing them and artists like them for the Charity Event and/or 2017 Concert, Plaintiffs had an immediate right to a refund of their monies.

**Answer: Defendants deny the factual allegations of Paragraph 54.**

55.     Plaintiffs demanded that Defendants immediately refund their monies.  Defendants refused.

**Answer: Defendants deny Plaintiffs were entitled to the return of any money. Defendants deny they refused to return Plaintiffs money.**

56.     Defendants wrongfully and without authorization maintained control, dominion or ownership over Plaintiffs' monies without Plaintiffs' consent.

**Answer: Defendants deny the factual allegations of Paragraph 56.**

57.     As a direct and proximate result of Defendants' conversion of Plaintiffs' property, Plaintiffs have suffered actual damages in an amount to be proven at trial.

**Answer: Defendants deny the factual allegations of Paragraph 57.**

58.     Defendants performed these acts with fraud and actual malice, and Defendants acted willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others, therefore entitling Plaintiffs to punitive damages.

**Answer: Defendants deny the factual allegations of Paragraph 58.**

## COUNT VI
### Action on Account
### (Against all Defendants)

59.     Plaintiffs incorporate by reference paragraphs 1-29 as though fully set forth herein.

**Answer: Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint.**

60.     Within the last 12 months, Defendants have become indebted to Plaintiffs in the amount of $367,800 for money had and received.

**Answer: Defendants deny the factual allegations of Paragraph 60.**

61.     No payment has been made by Defendants thereon, and there is now a sum due of approximately $367,800, with interest thereon at the statutory rate of 5% under 815 ILCS 205/2 from the date refund was demanded and had accrued as a result of Defendants' withholding money due to Plaintiffs by an unreasonable and vexatious delay of payment.

**Answer: Defendants deny the factual allegations of Paragraph 61.**

## COUNT VII
### Deceptive Practice Under the Illinois Consumer Fraud Act, 815 ILCS 505/2
### (Against all Defendants)

62.     Plaintiffs incorporate by reference paragraphs 1-29 as though fully set forth herein.

**Answer: Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint.**

63.     Plaintiffs were consumers of Defendants' business product, i.e. the services Defendants promised to perform in securing renowned musical acts to perform at either the Charity Event and/or the 2017 Concert.

**Answer: Defendants respond that Paragraph 63 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 63.**

64.     Defendants engaged in a deceptive act or practice by promising to secure renowned musical acts to perform at either the Charity Event and/or the 2017 Concert, but never actually attempting to secure or never actually intending to secure such renowned musical acts to perform at either the Charity Event and/or the 2017 Concert.

**Answer: Defendants deny the factual allegations of Paragraph 64.**

65.     Defendants intended Plaintiffs to rely on the deception.

**Answer: Defendants deny the factual allegations of Paragraph 65.**

66.     Defendants' deception occurred in the course of trade or commerce.

**Answer: Defendants respond that Paragraph 66 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 66.**

67.     Defendants' consumer fraud was a direct and proximate cause of Defendants' injury.

**Answer: Defendants deny the factual allegations of Paragraph 67.**

68.     Plaintiffs suffered actual damages to be determined at trial in an amount in excess of $3.8 million.

**Answer: Defendants deny the factual allegations of Paragraph 68.**

69.     Plaintiffs are entitled to recoup attorneys' fees from Defendants as a result of Defendants' consumer fraud.

**Answer: Defendants deny the factual allegations of Paragraph 69.**

<u>**COUNT VIII**</u>
**Unfair Practice Under the Illinois Consumer Fraud Act, 815 ILCS 505/2**
**(Against all Defendants)**

70.     Plaintiffs incorporate by reference paragraphs 1-29 as though fully set forth herein.

**Answer: Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations in Paragraphs 1 through 29 of the Amended Complaint.**

71.     The Illinois Consumer Fraud Act codifies longstanding Illinois policy against abusive practices that offend public policy.

**Answer: Defendants respond that Paragraph 71 is a statement of Plaintiffs' legal conclusion to which no response is required.  Defendants deny the Illinois Consumer Fraud Act is applicable to this case.**

72.     The Illinois Consumer Fraud Act "is a regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices."

**Answer: Defendants respond that Paragraph 72 is a statement of Plaintiffs' legal conclusion to which no response is required. Defendants deny the Illinois Consumer Fraud Act is applicable to this case.**

73.     In interpreting unfair conduct under the Consumer Fraud Act, Illinois courts look to three considerations of whether conduct is unfair under the Consumer Fraud Act:

> (1) if it offends public policy as established by statutes, the common law or otherwise, or in other words, whether it is at least within the penumbra of some established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers.

**Answer: Defendants respond that Paragraph 73 is a statement of Plaintiffs' legal conclusion to which no response is required. Defendants deny the Illinois Consumer Fraud Act is applicable to this case.**

74.     Defendants' practices, as alleged herein, violate public policy.

**Answer: Defendants respond that Paragraph 74 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of paragraph 74.**

75.     Plaintiffs are informed and believe that Defendants have deceived and continue to deceive concert investors through the same pattern of deception as alleged herein.

**Answer: Defendants deny the factual allegations of Paragraph 75.**

76.     Defendants' actions constitute unfair and deceptive business practices, in violation of 815 ILCS 505/2.

**Answer: Defendants respond that Paragraph 76 is a statement of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Defendants deny the factual allegations of Paragraph 76.**

77.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiffs have suffered compensatory and punitive damages, as well as reasonable attorneys' fees and costs, in an amount to be determined at trial.

**Answer: Defendants deny the factual allegations of Paragraph 77.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court order as follows:

a.     that Plaintiffs are entitled to judgment against Defendants;

b.      that Plaintiffs are entitled to compensatory damages in an amount to be
determined at trial in excess of $3.8 million;

c.      that Plaintiffs are entitled to punitive damages;

d.      that Plaintiffs be awarded their attorneys' fees and expenses incurred
herein;

e.      that Defendants be awarded costs of suit incurred herein; and

f.      that this Court award Plaintiffs such other and further relief as the
Court deems just and appropriate.

**Answer: Defendants deny that Plaintiffs are entitled to the relief requested in the**
**"wherefore" clause in the "Prayer for Relief" section of the Amended Complaint, including**
**all subparts thereof.**

## DEFENDANTS' SEPARATE OR ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants assert the following
additional or affirmative defenses. Defendants reserve all rights to assert additional or amend
defenses.

1.      The Amended Complaint fails to state facts sufficient to constitute a cause of
action upon which relief can be granted.

2.      One or more Plaintiffs lack standing to sue because he or it is not a real party in
interest.

3.      Plaintiffs claims are barred because all of the alleged acts or omissions were
authorized by one or more Plaintiffs and/or performed at the direction of one or more Plaintiffs.

4.      Plaintiffs' claims are barred because one or more Plaintiffs ratified all the alleged
acts or omissions of which they complain.

5.      Plaintiffs' contract-based claims are barred to the extent that any conditions
precedent was not satisfied.

6.    Plaintiffs' contract-based claims are barred to the extent further negotiations after the parties allegedly reached the agreements pleaded in the Amended Complaint resulted in accord and satisfaction.

7.    Plaintiffs' contract-based claims are barred to the extent that further negotiations after the parties allegedly reached the agreements pleaded in the Amended Complaint resulted in novation.

8.    Plaintiffs' contract-based claims are barred to the extent the parties modified or altered the agreements alleged in the Amended Complaint.

9.    Plaintiffs' contract-based claims are barred to the extent Defendants were excused from performance of the alleged agreements.

10.    Plaintiffs contract-based claims are barred to the extent Plaintiffs breached the alleged agreements.

11.    Plaintiffs may not recover duplicative damages based on conduct alleged to be both a breach of contract and a tort.

12.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of set-off.

13.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are estopped from asserting them.

14.    Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs haved waived such claims.

15.    To the extent Plaintiffs' tort claims are based on alleged contractual obligations, such claims are barred by the Economic Loss Rule.

16.    Plaintiffs had a duty to mitigate their alleged damages and Plaintiffs should not recover based on their failure to do so.

17.    Plaintiffs claims are barred, in whole or in part, because any alleged loss, damage, or injury suffered by Plaintiffs were not caused by Defendants but instead were proximately caused by intervening and superseding causes or circumstances , or by the acts and omissions of persons other than Defendants.

18.    Plaintiffs' contract-based claims are barred as there was no privity of contract between each plaintiff, or all of them, and Defendants.

19.    Defendants lack sufficient knowledge or information upon which to form a belief as to whether they may have additional affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event that discovery or other means indicate that such additional defenses would be applicable.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court order as follows:

1.    The Plaintiffs' Amended Complaint be dismissed with prejudice and judgement entered in favor of Defendants.

2.    The Defendants be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

Respectfully submitted,

/s/ Telly Stefaneas

BREEN & PUGH
53 W. Jackson Blvd.
Suite 1215
Chicago, Illinois 60604
(312) 360-1001

TELLY STEFANEAS
53 W. Jackson Blvd.
Suite 1215
Chicago, Illinois 60604
(312) 675-0075

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the following document:

## DEFENDANTS RICH AMERICA INC., AND
## LEONARD GOODRUM'S ANSWER TO THE AMENDED COMPLAINT

was served on March 13, 2018, in accordance with Federal Rule of Civil Procedure 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

By:    /s/ Robert W. Stanley
**Robert W. Stanley**