**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| KRASIMIR DACHEV, an individual, | ) | |
| PEACE FOR YOU PEACE FOR ME, a | ) | |
| non-profit foundation organized under | ) | |
| the laws of Bulgaria, and SVILOSA AD, | ) | |
| a Joint Stock Company organized under | ) | |
| the law of Bulgaria, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17 CV 5729 |
| | ) | Hon. Robert M. Dow Jr. |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| RICH AMERICA, INC., a corporation | ) | |
| Organized under the law of Illinois, | ) | |
| BRANDON ALLEN, an individual, | ) | |
| LEONARD GOODRUM, an individual, | ) | |
| and DOES 1-25, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RICH AMERICA, INC., AND
LEONARD GOODRUM'S REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants, RICH AMERICA, INC., and LEONARD GOODRUM, by and through their attorneys, BREEN & PUGH and TELLY STEFANEAS, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b), respectfully reply to Plainitffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss. In support thereof, Defendants state the following:

**INTRODUCTION**

Throughout the Amended Complaint Plaintiffs have continually referred to themselves in the collective and have gone to great lengths to portray themselves as a single party who suffered the same injury as a result of Defendants' alleged conduct. The Plaintiffs, however, do not stand in the same shoes.

Defendants entered into an alleged agreement with Peace For You Peace For Me ("the Foundation") concerning a purported charity concert that was to take place in October 2016. Dachev and Svilosa are allegedly investors who agreed to loan the Foundation money and help

organize the charity concert. Defendants agreed to act as the Foundation's agents and attempt to secure celebrity musicians to perform at the charity concert.

Despite purportedly being investors and "providing most if not all of the monies" to the Foundation, Dachev and Svilosa were never parties to the alleged agreement between the Foundation and Defendants, nor were Dachev and Svilosa ever in privity with Defendants. Any injury suffered by the Foundation because of Defendants' alleged conduct is not an injury also suffered by Dachev and Svilosa.

In the original Complaint, Plaintiffs failed to establish Dachev and Svilosa's standing to invoke the Court's subject matter jurisdiction, as they did not identify a concrete and particularized injury Dachev and Svilosa suffered, which was traceable to Defendants. Instead, Plaintiffs relied entirely upon the alleged agreement between the Foundation and Defendants, and the alleged damages suffered by the Foundation. Additionally, Plaintiffs failed to show Dachev and Svilosa had prudential standing as Dachev and Svilosa were attempting to rest their claims on the alleged legal rights and interests of the Foundation, rather than their own.

In an effort to sidestep these obvious deficiencies, Plaintiffs now attempt to claim that Dachev and Svilosa were third-party beneficiaries of the alleged agreements between the Foundation and Defendants. But this argument is without merit as Plaintiffs have failed to plead sufficient facts to properly allege the Foundation and Defendants manifested the intention to make Dachev and Svilosa third-party beneficiaries of the alleged agreements. The sole allegation contained in the Amended Complaint, that Defendants and the Foundation intended Dachev and Svilosa to be third-party beneficiaries, without more, is insufficient to establish Dachev and Svilosa's standing to bring claims under the alleged agreements.

In addition to Plaintiffs failure to plead sufficient facts to invoke the Court's subject matter jurisdiction over Dachev and Svilosa's purported claims, the Amended Complaint fails to state a claim for which relief can be granted.

## ARGUMENT

### I. Dachev and Svilosa Are Not Third-Party Beneficiaries of the Alleged Agreements and Lack Standing to Bring Any Claims in Their Individual Capacities

To overcome the lack of Article III and prudential standing, Plaintiffs attempt to plead facts to establish Dachev and Svilosa were third-party beneficiaries of the alleged agreements between Defendants and the Foundation. Despite their best efforts, Dachev and Svilosa are simply not third-party beneficiaries, and the additional allegations pleaded in the Amended Complaint are insufficient to allow Dachev and Svilosa to bring claims under the alleged agreements.

Plaintiffs cannot plead around the fact that any alleged agreements were made between Defendants and the Foundation, and that Dachev and Svilosa were never parties to such agreements and do not stand in privity to Defendants. Whether or not Dachev and Svilosa loaned money to the Foundation to help organize the concert does not place them in privity with Defendants or make them parties to agreements entered into by the Foundation.

"Whether someone is a third-party beneficiary depends on the intent of the contracting parties, as evidenced by the contract language." *Martis v. Grinnell Mut. Reinsurance Co.,* 388 Ill. App. 3d 1017, 1020 (3rd Dist. 2009). It must be apparent from the language of the contract that the contract was made for the direct benefit of the third person, and not merely an incidental benefit. *Id.* The parties' intention must be shown by an express provision in the contract identifying the third-party beneficiary by name or a description of a class to which he belongs. *Id.* If a contact makes no mention of the non-contracting party or the class to which he belongs, the individual is not a third-party beneficiary of the contract. *Id.*

As set forth in their Motion to Dismiss the Amended Complaint, the express written agreements contradict and defeat any claim that Dachev and Svilosa are third-party beneficiaries to the artist agreements. MTD at 4.[1] Indeed, the agreements were allegedly entered into between

---

[1] Defendants' Motion to Dismiss the Amended Complaint is cited as "MTD."

Defendants and the Foundation, and the documents make no reference to Dachev or Svilosa as parties to the agreements or as beneficiaries of the agreements. ACMP at ¶20; MTD at 5.

Plaintiffs contend that because the Amended Complaint expressly alleges that Dachev and Svilosa are third-party beneficiaries to the written agreements and that Defendants and the Foundation intended for Dachev and Svilosa to benefit from and be third-party beneficiaries to the agreements, Plaintiffs have sufficiently alleged Dachev and Svilosa are third-party beneficiaries. RESP. at 6.[2] Further, Plaintiffs argue that such a determination is a factually intensive inquiry that should be fully developed through discovery. *Id.* Plaintiffs' argument, however, ignores the well settled law that it must be apparent from the language of the contract that it was made for the direct benefit of the non-contracting party, and this intention must be shown by an express provision identifying the non-contracting party or the class in which he belongs. *Martis,* 388 Ill. App. 3d at 1020.

There is a presumption against third-party beneficiaries, as individuals usually contract for themselves, not for third persons, and intend the contract to apply solely to themselves. *Golden v. Barenborg*, 850 F. Supp. 716, 724 (N.D. Ill. 1994); *Bank of Ameroca Nat. Ass'n v. Bassman FBT, L.L.C.,* 2012 IL App (2d) 110729, ¶27. Even the case relied upon by Plaintiffs states the intent to benefit a third-party must affirmatively appear from the language of the contract, and if not explicitly provided for in the contract, its implication must be so strong as to practically be an express declaration. *City Of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 717 (7th Cir. 2011). Plaintiffs clearly have not met this burden; the language of the alleged contracts does not affirmatively state Defendants and the Foundation intended the contracts to benefit Dachev and Svilosa nor is such an intention so strong as to practically be an express declaration of the contract.

Moreover, the Amended Complaint's single undetailed allegation that Defendants and the Foundation intended Dachev and Svilosa to be third-party beneficiaries is insufficient to

---

[2] Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss cited as "RESP."

4

establish Dachev and Svilosa's standing as third-party beneficiaries. The fact the parties expected, knew, or even intended that a contract benefit a third-party is insufficient to overcome the presumption that the contract was only for the contracting parties' direct benefit. *Bank of Ameroca Nat. Ass'n,* 2012 IL App (2d) 110729, ¶27; *Golden,* 850 F. Supp. at 724. To allow a plaintiff to simply allege they were intended third-party beneficiaries would circumvent the requirement that such an intention be affirmatively apparent from the language of the contract. Additionally, if mere allegation was sufficient, any plaintiff could claim to be the third-party beneficiary of a contract and have standing to bring suit under a contract, even if the contacting parties never manifested such an intention.

II.     **The Amended Complaint Fails to State a Claim for Which Relief Can Be Granted**

        a.      **Breach of Written Contract**

Plaintiffs argue that their claim for breach of written contract should not be dismissed because they paid the initial deposits for Snoop Dogg and Britney Spears in August 2016 and that in September 2016 Plaintiffs were informed that Snoop Dogg "backed out" of the performance and Britney Spears' deposit was instead paid to another artist. RESP. at 8-9. Plaintiffs claim that they are entitled to the reasonable inference that Defendants told Plaintiffs that neither of these artist agreed to perform prior to the second deposit becoming due under the written agreements. *Id.* at 9. Plaintiffs further argue that because they have alleged that none of the funds provided to Defendants were ever paid to any artist, they are also entitled to the reasonable inference that Defendants breached the written contracts long before Plaintiffs failed to fully perform. *Id.*

The Court should reject this argument as Plaintiffs' full performance under the written contracts is a necessary element of the claim and Plaintiffs' Exhibits contradict their allegation of full performance. First, Plaintiffs' Amended Complaint actually alleges that they wired funds in August and September 2016, not in August of 2016 as their response argues. *See* AMCP at ¶ 22 *versus* RESP. at 8. The Exhibits to the Amended Complaint plainly state that the initial deposits were due in August. *See* Exhibits B and C to Amended Complaint at 2. Thus, although Plaintiffs

5

now want the Court to draw a reasonable inference that Defendants told them that Snoop Dog and Britney Spears backed out before the second deposits were due, the facts alleged in the Amended Complaint fail to establish that the Plaintiffs even tendered the initial deposits in a timely manner, let alone the second deposits, which Plaintiffs now concede were never paid by them.

Second, Plaintiffs have alleged they wired Defendants $367,800 to secure multiple artists to perform at the charity concert. The two artist agreements attached to the Amended Complaint as Exhibits B and C require deposits to be paid, in two installments, by September 2016, that total $535,600, which is more money than the amount of funds Plaintiffs allege they provided Defendants to secure multiple performances. Thus, the allegations of the Amended Complaint plainly establish, as Plaintiffs now concede, that the second deposits were not paid.

Recognizing that their Amended Complaint fails to establish full performance on their part, Plaintiffs ask the Court to draw an inference that Snoop Dogg and Britney Spears "backed out" before the second deposits were due. As noted above, Plaintiffs have failed to allege facts establishing that they even made the initial deposits in a timely manner. Nor do the allegations of the Amended Complaint state that the monies sent by Plaintiffs were to pay for the initial deposits for Snoop Dogg and Britney Spears as opposed to other artists. As important, the Amended Complaint fails to make any allegation that because Snoop Dogg and Britney Spears backed out, Defendants somehow breached the written agreements. Defendants are not agents of the artists and have no control over the artists or their decision to decline performing at the concert. This is particularly true because the very terms of the contracts upon which Plaintiffs rely expressly state that the artist is not bound by any of their terms until all payments were made and an appropriate rider was entered. *See* Exhibits B and C to Amended Complaint at 2. Thus, even if an artist declined performance prior to when the second deposit was due, Defendants would not be in breach of the alleged agreement, because an artist would not be bound by the agreement until full payment was made by Plaintiffs.

More importantly, by now admitting that they breached the written agreements by not paying the required deposits, Plaintiffs are precluded from and cannot allege performance on their part or that their performance was somehow excused. The terms of the agreements upon which Plaintiffs' rely specifically state that if payments were not made when due, the artist reserved the right to cancel and that Purchaser ("Plaintiffs") would be liable to the artist for damages in addition to the compensation provided for in the agreement. *See id*. The very terms of the contracts coupled with their admission of non-performance establish that Plaintiffs breached the agreements. Further, the Plaintiffs have also failed to allege facts in the Amended Complaint that their full performance was excused. There is not one allegation in the Amended Complaint that explains and/or describes why Plaintiffs failed to timely make payment of the necessary deposits, and/or that their failure to perform was somehow justified. Absent these allegations, Plaintiffs claim for breach of written contract fails. In fact, the allegations of the Amended Complaint actually establish that Plaintiffs waived any claim for breach of the written agreements.

The principle of waiver supports the notion that a party to a contract may not lull another into a false assurance that strict compliance with a contractual duty will not be required and then sue for non-compliance. *See Advanced Hydraulics, Inc. v. Otis Elevator Co.*, 525 F. 2d 477 (7th Cir. 1975), cert. denied, 423 U.S. 869, (1975); *Continental Coatings Corp. v. Metco, Inc.*, 464 F. 2d 1375 (7th Cir. 1972); *Graubremse GMBH v. Berg Mfg. & Sales Co.*, 417 F. 2d 1201 (7th Cir. 1969). Analysis of the applicability of waiver focuses on the intent of the non-breaching party. If he has intentionally relinquished a known right, either expressly or by conduct inconsistent with an intent to enforce that right, he has waived it and may not thereafter seek judicial enforcement. *Pierce v. MacNeal Memorial Hospital Ass'n*, 46 Ill. App. 32, 42, 52 (1st Dist. 1977); 5 Williston on Contracts s 678 (3d ed. 1961 & Supp.1979). In a contractual setting, as here, waiver occurs when an obligor manifests an intent not to require an obligee to strictly comply with a contractual duty. *Graubremse GMBH*, 417 F. 2dd at 1204-05; *Stewart v. Meyers*, 353 F. 2d 691, 694 (7th Cir. 1965). In the case at bar, the allegations of the Amended Complaint establish that

Plaintiffs waived any breach of the written agreements when they asked that Defendants apply the money that was purportedly given to them for Snoop Dogg and Britney Spears to other artists. *See* AMCP at ¶24. These allegations manifest conduct inconsistent with an intent to claim a breach, and demonstrate Plaintiffs' waiver of any purported breach. At every turn, Plaintiffs claim for breach of written contract fails and must be dismissed.

      **b.**      **Breach of Oral Contracts**

      A general allegation that an oral contract exists without supporting facts is a legal conclusion and insufficient to state a claim for breach of contract. *Talbert v. Home Sav. Of Am., F.A.,* 265 Ill. App. 3d 276, 380 (1st Dist. 1994). Plaintiffs argue that they have stated a claim for breach of an oral contract because Plaintiffs have alleged they offered to pay Defendants to secure celebrity artists to perform at the charity concert and Defendants accepted Plaintiffs' offer. RESP. at 10. However, there are no allegations in the Amended Complaint to support this argument. Specifically, there is not a single allegation regarding Defendants' compensation. The only allegations concerning the transfer or payment of money are in regards to the $367,800 wired to Defendants to be used to secure celebrity performances. Nothing in the Amended Complaint suggests or allows the inference that a portion of this money was compensation to Defendants. In order to be specifically enforceable, a contract between the parties must include essential terms that are "definite, certain, complete and conclusive." *Cowen v. McNealy*, 342 Ill. App. 3d 179 (1st Dist. 1950). A complaint that lacks these essential factual allegations fails to state a cause of action and will be dismissed. *Premier Electrical Construction Co. v. City of Chicago*, 159 Ill.App.3d 98 (1st Dist. 1987). In an action for breach of an oral contract, plaintiff bears the burden of pleading and proving the essential terms of the agreement that he or she sues upon. *Richco Plastic Co. v. IMS Co.*, 288 Ill. App. 3d 782, 786 (1st Dist. 1997). Plaintiffs have failed to allege the existence of consideration, an essential term of an oral contract, and have therefore failed to meet their burden in sufficiently pleading the existence of an oral contract.

      Additionally, Plaintiffs argue that they have stated a claim for breach of an oral contract for the 2017 concert because there was an agreement between Plaintiffs and Defendants that

Defendants would use the money provided to them for the 2016 charity concert to secure celebrity performances for the 2017 concert. RESP. at 11. This argument suffers the same defect, there is no allegation concerning Defendants' compensation, and therefore Plaintiffs have failed to plead the element of consideration.

Plaintiffs wired Defendants $367,800 to secure multiple celebrity musicians to perform at the 2016 concert, and according to Plaintiffs, then at the 2017 concert. However, as argued above, this amount was insufficient to even secure the performances of two artists whose agreements were attached to the Amended Complaint. Not only did Plaintiffs fail to plead consideration, it is unclear from the allegations in the Amended Complaint, what money was going to be used to pay Defendants when Plaintiffs did not provide enough money to secure even two celebrity performers.

### c.    Breach of Implied Contract

To state a claim for a contract implied in fact, Plaintiffs must allege an offer, acceptance, consideration, and a meeting of the minds. *Const. Co., Inc. v. Elliot Group Inc.,* 64 N.E.3d 132, 142 (1st Dist. 2016). Additionally, under Illinois law implied contracts may not coexist with express contracts on the same subject. *See Patterson v. Carbondale Community High School,* 144 Ill. App. 3d 254, 262 (5th Dist. 1986); *Deitchman v. Korach,* 330 Ill. App. 365, (1st Dist. 1947).

Plaintiffs argue that the Court should not dismiss their claim for breach of an implied contract because they are allowed to plead multiple claims regardless of consistency and it is far from clear that the alleged written agreements are express contracts. RESP. at 12. However, Plaintiffs attached the express written agreements to their Amended Complaint and those agreements concern the same subject as Plaintiffs now attempt to characterize as implied contracts. The exhibits directly contradict Plaintiffs claim for breach of an implied contract.

Moreover, even if the exhibits did not contradict their claim, Plaintiffs have failed to plead the elements of an implied contract as there are no allegations demonstrating that the Foundation and Defendants had a meeting of the minds and formed an unwritten agreement.

9

Indeed, as with Plaintiffs' claim for breach of an oral contract, there are no allegations concerning consideration.

###### d.      Conversion

Plaintiffs' claim for conversion fails for the same reason their breach of contract claim must fail, Plaintiffs have not established their own full performance under the alleged contracts. Plaintiffs argue that none of the elements of conversion require Plaintiffs to allege or prove they performed under the artist agreements, but Plaintiffs miss the point. Plaintiffs' right to immediate possession of their property, a necessary element of a claim of conversion, is directly contradicted by Plaintiffs' very own exhibits, which demonstrate Plaintiffs did not pay the entire performance fee for each artist, and the terms of the contracts specifically state that if payments were not made when due, the artist reserved the right to cancel and Plaintiffs would be liable to the artist for damages in addition to the portion of the deposits already paid. *See* Exhibits B and C to Amended Complaint at 2. Plaintiffs were not entitled to a refund of their deposits when Plaintiffs failed to fully perform under the contracts.

###### e.      Action on Account

The Illinois Interest Act applies to contracts which in substance involve a loan of money and not the *bona fide* sale of goods or services. *Dennis v. Old Republic Ins. Co.*, 218 Ill. App. 3d 637, 645 (1st Dist. 1991). The alleged contracts in this case do not involve a loan of money and therefore the Illinois act is inapplicable.

Plaintiffs argue that to state a claim under the Interest Act, they are only required to plead an "agreement between parties who have had previous transactions that the account representing those transactions is true and that the balance stated is correct, together with a promise, express or implied, for the payment of such balance." RESP. at 13 citing *Patrick Eng'g, Inc. v. City of Naperville*, 976 N.E.2d 318, 336 (Ill. 2012). However, assuming *arguendo,* that the Interest Act applied to Plaintiffs' claims, and this is the proper pleading standard, Plaintiffs would still have failed to state a claim as the Amended Complaint contains no allegations regarding previous

transactions between the parties, the existence of an account representing those transactions, and the promise for the payment of the account balance.

Nevertheless, the Interest Act does not apply to Plaintiffs claims. For the act to apply, a debtor-creditor relationship must exist between the parties and the amount owed or due must be subject to easy computation. *Cress v. Recreation Services, Inc.*, 341 Ill. App. 3d 149, 195 (2d Dist. 2003). Further, as the case cited by Plaintiffs clearly states, an account stated cannot be created unless the creditor or debtor specifically intends to establish a balance due or agree upon a final settlement amongst the parties. *Patrick Eng'g, Inc.,* 976 N.E.2d at 336. The account is only a final determination of the amount due and owing. *Id.* Moreover, an action for an account is founded upon a promise to pay a debt and not the original promise to pay under a contract. *Id.* The Amended Complaint contain none of these necessary allegations. Defendants and Plaintiffs have never had a debtor-creditor relationship, there are no allegations regarding the creation of an account with a balance due and owing, and no allegations concerning a final settlement amongst the parties.

Plaintiffs additionally argue that because they specifically alleged Defendants fraudulently induced them pay money without providing Plaintiff with the promised services, Defendant's services were not *bona fide* and therefore Plaintiffs may collect prejudgment interest on their claims. RESP. at 14. Plaintiffs cite no authority stating the Interest Act is applicable to cases involving alleged fraud, even if the underlying contract did not involve a loan of money. It is well settled that Interest Act applies only to contracts that involve the loan or forbearance to collect money due. *Dennis*, 218 Ill. App. 3d at 645; citing *Computer Sales Corp. v. Rousonelos Farms, Inc.*, 190 Ill. App. 388, 392 (1st Dist. 1989). The alleged contracts in this case, irrespective of Defendants' alleged fraud, do not involve the loan or forbearance of a debt and therefore the Interest Act does not apply to Plaintiffs claims.

### f.  Consumer Fraud

The Consumer Fraud Act is an "[a]ct to protect consumers and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or

practices in the conduct of any trade or commerce." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416 (2002). To bring a claim under the Consumer Fraud Act, Plaintiffs must be consumers of Defendants' services. *Commonwealth Edison Co. v. Munizzo*, 986 N.E.2d 1238, 1248 (Ill. App. Ct. 3d Dist. 2013) citing *Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 328 (1977).

A consumer is defined as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1. Plaintiffs argue that they meet the definition of consumers as they sought Defendants' services to secure celebrity musicians to perform at the charity concert and the concert attendees would not have been resold those services. RESP. at 16. However, Defendants' services are exactly what was being resold to the concert attendees. Defendants were responsible for securing celebrity musicians to perform at the Foundation's concert. The Foundation, in turn, was to sell tickets to the to the concert so that the public could purchase tickets from the Foundation and watch the very artists secured by Defendants perform at the concert.

Plaintiffs concede that they are not alleging their claims under the Consumer Fraud Act involve business to business transactions which would require them to plead Defendants' conduct involved trade practices addressed to the market generally or otherwise implicated consumer protection concerns. RESP. at 16. Plaintiffs state they are only alleging Plaintiffs were consumers of Defendants services. Therefore, for the reasons argued above, Plaintiffs do not meet the definition of a consumer and their claims under the Illinois Consumer Fraud Act should be dismissed.

### III. The Amended Complaint Fails to Meet the Heightened Pleading Standard of Rule 9(b)

As argued in Defendants' motion to dismiss, the Amended Complaint fails to meet the pleading standard of Rule 9(b) because Plaintiffs lump all of the defendants, including twenty-

five Doe defendants, into a single fraud scheme and fails to inform the individual defendants of the nature of their alleged participation in the fraud. Plaintiffs contend that unlike the cases cited by Defendants, the allegations in this case consist of a single fraud scheme involving three defendants, and Plaintiffs have alleged there was no meaningful distinction between the defendants. RESP. at 20. To support this argument Plaintiffs cite to Defendants' Answer in which Defendant Goodrum admits to being the President of Rich America, and further argue that Goodrum and Rich America share the same counsel. RESP. at 20. Plaintiffs argument is without merit.

First, the fact Plaintiffs plead that there was no meaningful distinction between Defendants does not excuse their responsibility to inform each individual defendant of their specific fraudulent acts and Plaintiffs have not cited any authority suggesting that such an allegation relaxes the particularity requirements of Rube 9(b). Second, Plaintiffs cannot cite to Defendants' admissions in their Answer to support their argument as those allegations are not pleaded in the Amended Complaint. Indeed, the Amended Complaint alleges that on *information and belief* Defendant Goodrum exercised dominion and control over Defendant Rich America. While pleading on information and belief is permitted, Plaintiffs are required to plead the specific facts upon which that belief is reasonably based, Plaintiffs have not alleged what facts form their belief that Goodrum maintained dominion and control over Rich America. *See Simonian v. Allergan, Inc.,* 757 F. Supp. 2d 785, 788 (N.D. Ill. 2010). Third, Plaintiffs cannot point to fact two Defendants share the same counsel for the proposition that one Defendant has significant enough control over the other as to make decisions on the other's behalf.

Plaintiffs have attempted to allege a scheme to defraud but have not particularize each of the three named Defendants' conduct. Without pleading facts specific to each individual defendant, Plaintiffs have failed to put each defendant on notice of their alleged fraudulent conduct.

**CONCLUSION**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the

Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b).


Respectfully submitted,

/s/ Telly Stefaneas
TELLY STEFANEAS

Telly Stefaneas
Todd S. Pugh
Robert W. Stanley
53 W. Jackson Blvd., Suite 1215
Chicago, IL 60604
(312) 675-0075
(312) 360-1001